IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. AGOVINO, | : | |
| Plaintiff, | : | CIVIL NO. 4:10-CV-0656 |
| v. | : | (Judge McClure) |
| CHRISTOPHER A. BAILES, | : | |
| Defendant. | : | |

**MEMORANDUM**

December 6, 2010

## I. INTRODUCTION

On March 25, 2010, plaintiff Michael S. Agovino, a citizen of Connecticut, filed a complaint against defendant Christopher A. Bailes, a citizen of the Commonwealth of Pennsylvania. (Rec. Doc. No. 1). In the complaint, Agovino contends that this court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1), as each party is a citizen of a different state and as the amount in controversy is greater than $75,000. Id. at 1. Agovino contends that he was struck by Bailes several times in the face, suffering injury to his nasal bones, jaw, and teeth. Id. In addition, Agovino alleges that he has incurred at least $15,000 in medical expenses; may incur future medical expenses; and has incurred, and may incur in the future, pain and suffering, mental anguish, anxiety, inconvenience, and

the loss of enjoyment of life and life's pleasures. Id. at 1-2.

In the complaint's only count, which contains a claim of battery, Agovino claims that Bailes "intentionally and knowingly subjected Plaintiff . . . to a harmful and offensive touching by punching him in the face several times" and that Bailes' "conduct was outrageous and warrants the imposition of punitive damages." Id. at 2.

## II. PROCEDURAL HISTORY

On November 23, 2010, the plaintiff filed the instant motion for partial summary judgment, with a brief in support. (Rec. Doc. Nos. 11, 12).[1] However, the plaintiff has not included with his motion and brief a required statement of material facts. While motions for summary judgment are subject to the Federal Rules of Civil Procedure, such motions are also subject to a District Court's local rules. As such, motions in this District Court must also comply with the United

---

[1] Also on November 23, 2010, defendant Bailes filed objections (Rec. Doc. No. 13) to this court's order (Rec. Doc. No. 10) granting the plaintiff's motion for an extension of time in which to file a motion for partial summary judgment nunc pro tunc. The defendant objected on the basis that the motion was nearly a month late, that discovery concluded over thirty days ago, that plaintiff's counsel is an experienced attorney, that no proper basis had been provided for the late filing of the motion, and that defendant would be prejudiced by the granting of the motion. (Rec. Doc. No. 13). By an order dated December 2, 2010, we denied defendant Bailes' objections to our November 19, 2010 Order granting the plaintiff's motion for an extension of time in which to file a motion for partial summary judgment nunc pro tunc. (Rec. Doc. No. 15).

States District Court for the Middle District of Pennsylvania Rules of Court ("Local Rules"). Local Rule 56.1, which pertains to motions for summary judgment, provides the following:

> *A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.*
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
>
> *Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.*
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

(Middle District Local Rule 56.1) (emphasis added).

Here, as the plaintiff has failed to file a statement of material facts accompanying the instant motion for summary judgment, we find the plaintiff's motion for summary judgment to be deficient. As a practical matter, the defendant is unable to comply with Local Rule 56.1, as there exists no statement of material facts to which the defendant may respond. In light of the above, we will direct the plaintiff to file a statement of material facts, pursuant to Local Rule 56.1, no later

3

than Monday, December 13, 2010. The defendant will be required to file, in accordance with Local Rule 56.1, his papers opposing the plaintiff's motion no later than Monday, December 27, 2010. A reply brief by the plaintiff will be allowed pursuant to the requirements of the Local Rules.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. AGOVINO, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:10-CV-0656 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CHRISTOPHER A. BAILES, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

December 6, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The plaintiff is required to file the requisite statement of material facts no later than Monday, December 13, 2010. The statement of material facts shall contain references to the record, as required by Local Rule 56.1.

2. The defendant is allowed until Monday, December 27, 2010, to file his responsive motion papers, in accordance with Local Rules 7.6 and 56.1. Should the defendant find that he is unable to file his responsive

papers by December 27, 2010, the court will be receptive, under the circumstances, to a request for additional time. Such a request must be made on or before December 27, 2010.

3. The plaintiff may file a reply brief, if he so chooses, within fourteen (14) days after service of the defendant's brief in opposition, as required pursuant to Local Rule 7.7.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge