UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL S. AGOVINO** | : | Civil Actions |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | No. 4:10-cv-00656-JFM |
| v. | : | |
| | : | Jury Trial Demanded |
| **CHRISTOPHER BAILES** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE TO PRECLUDE EVIDENCE

Defendant, Christopher Bailes, moves to exclude or preclude plaintiff from introducing at trial any evidence, argument or testimony related to his guilty plea and convictions. For the reasons explained below, the Pennsylvania rule that minor, non-felony offenses are generally inadmissible in subsequent civil proceedings should be followed in this case. Plaintiff must not be permitted to introduce evidence of Mr. Bailes' guilty plea to misdemeanor offenses.

### INTRODUCTION

Any evidence plaintiff may wish to present regarding the Mr. Bailes' guilty plea is not relevant evidence to the triers of fact. Such evidence would be impermissible character evidence, irrelevant, and prejudicial and confusing because the elements of the misdemeanor of simple assault are not perfectly analogous to the tort of battery. Defendant's Motion *in Limine* should be granted and plaintiff should

1

be precluded from entering any evidence, argument or testimony related to Mr. Bailes' guilty plea or convictions.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2010, plaintiff filed his Motion for Partial Summary Judgment and attached as exhibits documents related to Mr. Bailes' January 15, 2010 guilty plea and sentences for simple assault, disorderly conduct and harassment in Union County, Pennsylvania. As a result, Mr. Bailes expects that plaintiff will attempt to introduce guilty plea evidence that should be excluded from trial.

## ARGUMENT

Mr. Bailes moves *in limine* to prevent plaintiff from introducing evidence, argument or testimony at trial related to his guilty plea or convictions. On January 15, 2010, Mr. Bailes pleaded guilty to the misdemeanors of simple assault, disorderly conduct and harassment in Union County, Pennsylvania and was sentenced to a term of probation which he is currently serving. The documents and any testimony based on or related to Mr. Bailes' guilty plea, including the Information, the colloquy transcript and sentencing document is irrelevant, highly prejudicial, and inadmissible hearsay.

### 1. The Guilty Plea Is Impermissible Character Evidence

"Evidence of a person's character or a trait of character is not admissible for

the purpose of proving action in conformity therewith on a particular occasion…" Fed. R. Evid. 404.  The law views with suspicion evidence of a person's character and the Federal Rules of Evidence generally disfavor it.  *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).  It is true that when a person's character is "an essential element of a charge, claim or defense," a party may offer evidence of specific instances of conduct.  *Id.*; *see* Fed. R. Evid. 405(b).  However, "character evidence does not constitute an 'essential element' of a claim or charge unless it alters the rights and liabilities of the parties under the substantive law."  *Schafer*, 142 F.3d at 1371 (citing *United States v. Keiser*, 57 F.3d 847, 856 & n.20 (9th Cir. 1995); *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986); McCormick on Evidence § 187 at 551 (3d ed.1984)).  To the extent that plaintiff may seek to introduce the guilty plea and convictions as impermissible character evidence, such evidence must be excluded.

**2. The Guilty Plea is Not Relevant to Plaintiff's Claim of Battery**

The elements of the crimes to which Mr. Bailes pleaded are not the same as those of the tort of intentional battery.  Therefore Mr. Bailes' guilty plea evidence and testimony constitutes irrelevant, prejudicial evidence that will serve only to unfairly prejudice the jurors against the defendant.  While the threshold for relevancy is low, *see Thomas v. Dragovich*, 142 Fed.Appx 33, 37 (3rd Cir. 2005), the question for the jury in this case is whether Mr. Bailes' conduct was intentional

(i.e. done with requisite intent to injure the plaintiff). The elements of the crime of simple assault – to which Mr. Bailes pleaded – are not the same as those of civil battery. Specifically, simple assault can be sustained merely by a determination that the defendant acted recklessly. 18 P.S. § 2701(a)(1). Recklessness is not sufficient for a jury to find that a plaintiff was battered in a civil case; rather, the jury must find that the defendant acted intentionally. *E.g. Herr v. Booten*, 398 Pa. Super. 166, 170, 580 A.2d 115, 1117 (1990). Pleading guilty to a charge of assault, even aggravated assault, does not indicate that the defendant's actions involved any intentional conduct or intentional injury. *Federal Kemper Ins. Co. v. Johnson*, 21 Pa. D. & C.3d 724, 727. Although the *Federal Kemper Ins. Co.* case dealt with a summary judgment motion, its analysis is on point. The elements of battery (an intentional tort) and simple assault (a crime constituted by merely reckless conduct) are different. Mr. Bailes did not plead guilty to intentionally injuring the plaintiff. As a result, the guilty plea and related testimony or documents are not relevant for determining whether plaintiff's claims are true. The guilty plea evidence should therefore be excluded.

**3. The Guilty Plea is Unfairly Prejudicial, Confusing & Misleading to the Jury**

The difference between the elements of simple assault and the civil battery elements that plaintiff must prove in this case, combined with plaintiff's allegation that the guilty plea and civil case arise from the same event, will unfairly prejudice

4

Mr. Bailes, confuse the issues and mislead the jury. Fed. R. Evid. 403. If any evidence related to Mr. Bailes' guilty plea is admitted, the jury will be misled into thinking that the elements of the crime to which Mr. Bailes pleaded are the same as the elements of intentional battery. But the elements of the tort and the crime are not necessarily the same; the law is clear that they are not. *Federal Kemper Ins. Co.*, *supra*. Mr. Bailes pleaded to simple assault and not to committing a battery against the plaintiff. There exists significant danger that the jury will be confused about the issues in this case if the guilty plea evidence is admitted. It would be unfairly prejudicial to Mr. Bailes to permit the jury to be misled into thinking that Mr. Bailes pleaded guilty to committing a battery. He did not. It is for the jury to decide whether Mr. Bailes' conduct on March 22, 2009 was intended to injure the plaintiff. Therefore, the evidence of Mr. Bailes' guilty plea should be excluded.

Federal Rule of Evidence 403 states that "relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Admission of evidence related to criminal conviction of Mr. Bailes will also unfairly prejudice the jury based on factors unrelated to whether Mr. Bailes committed acts amounting to the intentional tort of battery. This information will only serve to confuse the issues and mislead the jury by highlighting behaviors jurors may think unacceptable when the elements of battery are the only issue.

For the foregoing reasons, the general rule in Pennsylvania that summary offenses and other minor matters are generally inadmissible in subsequent civil proceedings must be followed. Evidence that defendants in civil cases previously pleaded guilty to summary or other minor, non-felony offenses, such as misdemeanor simple assault or disorderly conduct, have been held to be inadmissible in subsequent civil proceedings that arise from the same incident. *See, e.g., Stumpf v. Nye*, 950 A.2d 1032, 1038 - 40 (2008). There is no reason to depart from the rule in this case. The facts and reasoning articulated above show that this Court must preclude plaintiff from offering any evidence or testimony related to Mr. Bailes' guilty plea.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the court enter the attached order limiting evidence by plaintiff at the time of trial.

> Respectfully Submitted,
> CLYMER, MUSSER, BROWN
> & CONRAD, P.C.
>
>
> __/s/Emily M. Bell_____
> Emily M. Bell, Esquire
> Attorney for Defendant
> 408 West Chestnut St.
> Lancaster PA 17602-2912
> (717) 299-7101
> I.D. #208855

Dated: December 10, 2010

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL S. AGOVINO** | : | Civil Actions |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | No. 4:10-cv-00656-JFM |
| v. | : | |
| | : | Jury Trial Demanded |
| **CHRISTOPHER BAILES** | : | |
| | : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I, Emily M. Bell, Esquire of the law firm of Clymer, Musser, Brown & Conrad, P.C., do hereby certify that I served a copy of the foregoing Motion in Limine to Preclude Evidence via Electronic Case Filing on plaintiff's counsel, David C. Shipman, Esquire.

                Respectfully submitted,

                Clymer, Musser, Brown & Conrad, P.C.

Dated: December 10, 2010   ___/s/ Emily M. Bell_____
                Emily M. Bell, Esq.
                PA Attorney I.D. # 208855
                408 West Chestnut Street
                Lancaster, PA 17603
                (717) 299-7101