UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. AGOVINO, | : | No: 4:10-CV-0656 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| vs. | : | |
| | : | Complaint Filed 3/25/10 |
| CHRISTOPHER A. BAILES, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

In his Response to Plaintiff's Motion for Summary Judgment Defendant Bailes argues the Motion should be denied because his guilty plea is not conclusive in this civil action. We agree it is not conclusive, but it is admissible as an admission and does constitute evidence in support of Plaintiff's claim that Defendant Bailes committed a battery. Count IV of the Information filed against Bailes charged that he: "Knowingly and intentionally attempt by physical menace to put another in fear of imminent serious bodily injury. More specifically the Defendant struck Michael Agovino several times in the face causing the victim to suffer a broken nose, broken jaw and damaged several teeth which the victim may lose". Bailes admitted at his guilty plea that he was guilty of this charge. From his admission that he struck Agovino in the face several times causing him to suffer a broken nose and a broken jaw and damaging several teeth it may be inferred that he intentionally caused an offensive touching of Agovino, which

1

constituted a battery. Compare Cromley v. Gardner, 253 Pa. Super. 467, 385 A.2d 433, 436 (1978): "Believing that his guilty plea was clearly indicative of appellee's guilt of driving under the influence, not a summary or minor offense, we find the plea admissible as an admission against interest."

In the face of this evidence showing that Bailes committed a battery, he did not submit an Affidavit setting forth a contrary version of the occurrence. He cannot oppose Plaintiff's Motion for Summary Judgment based merely on the pleadings. By failing to submit evidence showing he did not commit a battery there is no factual dispute on this issue and the Plaintiff is entitled to judgment as a matter of law.

Turning to Bailes' Motion in Limine, he argues that evidence concerning his guilty plea is inadmissible under Rule 403 of the Federal Rules of Evidence because its relevance is outweighed by its potential for prejudice. The Third Circuit has held that Rule 403 determinations should normally not be made pre-trial, but rather should be based upon a full record developed at trial. In Re Paoli R.R. Yard PCB Litigation, 916 F.3d 829, 859 (3rd Cir. 1990). Accordingly, Bailes' Motion in Limine should be denied without prejudice to him raising this objection at trial.

In the alternative, we submit this Motion should be denied on the merits. Evidence should be excluded under Rule 403 only sparingly since the evidence excluded is concededly probative. The balance under the Rule should be struck in

favor of admissibility. <u>Blancha v. Raymark</u>, 972 F.2d 507, 514 (3rd. Cir. 1990). Here, Defendant Bailes' admission that he struck Agovino in the face several times is highly relevant to show he committed a battery. The Court can dispel any prejudice to Bailes by instructing that it cannot find Bailes liable for battery unless he intended to cause physical harm to Agovino and therefore could not find him liable if he acted recklessly. It should be emphasized that Count IV of the Information charges that Bailes acted "knowingly and intentionally". There is no allegation in that Count that he acted recklessly. Accordingly, by pleading guilty to Count IV he admitted that he acted knowingly and intentionally in striking Agovino several times and causing serious injuries.

Bailes also makes an argument that his guilty plea is impermissible character evidence. This is not so. As noted in <u>Cromley v. Gardner</u> and several cases cited in Plaintiff's Brief in Support of its Motion for Summary Judgment evidence of a criminal guilty plea is admissible in a related civil case to prove the conduct the defendant committed.

For all of the above reasons, Plaintiff Agovino respectfully requests this Honorable Court to grant his Motion for Summary Judgment and to deny Defendant Bailes' Motion in Limine.

Respectfully submitted,

ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.

BY s/David C. Shipman
    David C. Shipman, Esquire
    I.D.# PA22016
    Attorney for Plaintiff
    125 East Third Street
    Williamsport, PA 17701
    (570) 326-2443 (phone)
    (570) 326-1585 (fax)
    dshipman@elionwayne.com

**CERTIFICATE OF SERVICE**

David C. Shipman, Esquire, hereby certifies and says that on this 22nd day of December, 2010, he served a copy of the Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment and in Opposition to Defendant's Motion in Limine upon the following by mailing a copy of same to the above-show address, postage prepaid, first class mail:

Christopher A. Bailes
1826 Briarcreek Lane
Middletown, PA 17057

Leonard G. Brown, III, Esquire
Emily Bell, Esquire
Clymer Musser Brown & Conrad, PC
408 West Chestnut Street
PO Box 1766
Lancaster PA 17608-1766

ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.

BY: s/David C. Shipman
David C. Shipman, Esquire
Attorney for Plaintiff
I.D.# PA22016
125 East Third Street
Williamsport, PA 17701
(570) 326-2443 (Phone)
(570) 326-1585 (Fax)
dshipman@elionwayne.com