IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. AGOVINO, : CIVIL NO. 4:10-CV-0656
:
    Plaintiff, :
:
v. : (Chief Judge Kane)
:
CHRISTOPHER A. BAILES, :
:
    Defendant. :

## **MEMORANDUM**

February 10, 2011

## I. INTRODUCTION

On March 25, 2010, plaintiff Michael S. Agovino, a citizen of Connecticut, filed a complaint against defendant Christopher A. Bailes, a citizen of the Commonwealth of Pennsylvania. (Rec. Doc. No. 1). In the complaint, Agovino contends that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1), as each party is a citizen of a different state and as the amount in controversy is greater than $75,000. (Id. at 1). Agovino contends that he was struck by Bailes several times in the face, suffering injury to his nasal bones, jaw, and teeth. (Id.). In addition, Agovino alleges that he has incurred at least $15,000 in medical expenses; may incur future medical expenses; and has incurred, and may incur in the future, pain and suffering, mental anguish, anxiety,

inconvenience, and the loss of enjoyment of life and life's pleasures. (Id. at 1-2).

In the complaint's only count, which contains a claim of battery, Agovino claims that Bailes "intentionally and knowingly subjected Plaintiff . . . to a harmful and offensive touching by punching him in the face several times" and that Bailes' "conduct was outrageous and warrants the imposition of punitive damages." (Id. at 2).

## II. PROCEDURAL HISTORY

After seeking and obtaining an extension of time in which to file an answer, defendant Bailes filed an answer to the plaintiff's complaint on June 30, 2010. (Rec. Doc. Nos. 3-5).

On November 10, 2010, the plaintiff filed a motion for extension of time in which to file a motion for summary judgment nunc pro tunc, with a brief in support. (Rec. Doc. Nos. 7, 8). Plaintiff's counsel indicated that he had mistakenly believed that dispositive motions would be due no later than December 10, 2010, though such motions were in fact due no later than October 15, 2010. (Rec. Doc. No. 8 at 1). Counsel stated that he did not realize his mistake until November 1, 2010. (Id.). Plaintiff's counsel also contended that the plaintiff's motion for summary judgment might be meritorious and that the defendant would not be unfairly prejudiced should the plaintiff be permitted to file the motion nunc

pro tunc.  (Id.).

On November 10, 2010, the Honorable James F. McClure, Jr.,[1] issued an order directing defendant Bailes to file a statement no later than November 15, 2010, setting forth his reasons for non-concurrence in the plaintiff's motion for extension of time in which to file a motion for summary judgment nunc pro tunc. (Rec. Doc. No. 9).  Having received no response from the defendant, this Court, on November 19, 2010, issued an order granting the plaintiff's motion and granting leave for the plaintiff to file his motion for partial summary judgment.  (Rec. Doc. No. 10).

On November 23, 2010, the plaintiff filed his motion for partial summary judgment, with a brief in support.  (Rec. Doc. Nos. 11, 12).[2]  Having concluded

---

[1] On December 22, 2010, this matter was reassigned to the undersigned following the passing of our esteemed colleague.

[2] Also on November 23, 2010, defendant Bailes filed objections to this Court's order granting the plaintiff's motion for an extension of time in which to file a motion for partial summary judgment nunc pro tunc.  (Rec. Doc. No. 13). The defendant objected on the basis that the motion was nearly a month late, discovery had concluded over thirty days prior, plaintiff's counsel is an experienced attorney, no proper basis had been provided for the late filing of the motion, and defendant would be prejudiced by the granting of the motion.  (Id.). By an order dated December 2, 2010, this Court denied defendant Bailes' objections to the November 19, 2010 Order granting the plaintiff's motion for an extension of time in which to file a motion for partial summary judgment nunc pro tunc.  (Rec. Doc. No. 13).

3

that the plaintiff had failed to include a statement of material facts with his motion for partial summary judgment, as required pursuant to Middle District Local Rule 56.1, this Court, on December 6, 2010, issued a memorandum and order requiring the plaintiff to file such a statement no later than December 13, 2010. (Rec. Doc. No. 16). This Court also set out in its December 6, 2010 Order deadlines for the defendant's opposition brief and the plaintiff's reply brief. (Id.). On December 7, 2010, the defendant, pro se, filed a "response" to the plaintiff's motion for summary judgment (Rec. Doc. No. 17), and the plaintiff filed his statement of material facts on December 8, 2010 (Rec. Doc. No. 18). On December 22, 2010, the plaintiff filed a reply brief concerning his motion for partial summary judgment. (Rec. Doc. No. 25). After retaining counsel, the defendant filed, on December 23, 2010, and pursuant to Local Rule 56.1, a brief in opposition to the plaintiff's motion for partial summary judgment and a response to the plaintiff's statement of material facts. (Rec. Doc. No. 26).[3]

On December 10, 2010, defendant Bailes filed a motion in limine to

---

[3] The defendant's initial pro se response of December 7, 2010, is docketed as constituting a brief in opposition. (See Rec.Doc. No. 17). However, in light of the defendant's pro se status as of the time of the filing of this "response"; this Court's December 6, 2010 Order providing for the filing of responsive motion papers until December 27, 2010; and the defendant's subsequent counseled-in brief in opposition filed on December 23, 2010, we will construe this counseled-in brief as the defendant's responsive motion paper. (Rec. Doc. No. 26).

preclude "evidence, argument or testimony related to his guilty plea and convictions," with a brief in support. (Rec. Doc. Nos. 22, 23). The defendant argues that the guilty plea constitutes impermissible character evidence under Federal Rule of Evidence 404; is not relevant evidence concerning the plaintiff's battery claim under Rule 401; and, if admitted, would be unfairly prejudicial, confusing, and misleading to a jury under Rule 403. (Rec. Doc. No. 23 at 2-6). Plaintiff Agovino argues that the motion <u>in limine</u> should be denied without prejudice, allowing the defendant to raise an objection to introduction of the evidence at trial. (Rec. Doc. No. 25). In the alternative, Agovino contends that the motion should be denied on the merits based upon an analysis of Rule 403 and as the plea is not impermissible character evidence. (<u>Id.</u> at 2-3).

In light of the above, the matter is ripe for disposition. Now, for the following reasons, we will deny the plaintiff's motion for partial summary judgment (Rec. Doc. No. 11) and also deny, without prejudice, the defendant's motion <u>in limine</u> (Rec. Doc. No. 22) seeking to preclude the introduction of evidence at trial.

### III. Factual Background

Taken in the light most favorable to the non-moving party, defendant Bailes, the salient facts are as follows. The complaint in the instant case alleges that, on

March 22, 2009, defendant Bailes committed a battery when he struck plaintiff Agovino "several times in the face with his fists, fracturing his left nasal bones, fracturing his jaw and loosening several teeth." (Rec. Doc. No. 1 at 1).

In Count II of an information filed in the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Bailes was charged with committing a simple assault, in violation of 18 Pa. C.S. § 2701(a)(1), by attempting "to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another." (Rec. Doc. No. 11, Exhbt. 1 at 1). More specifically, the information charges that Bailes struck Agovino "several times in the face causing a broken nose, broken jaw and several damaged teeth which the defendant may lose . . . ." (Id.). At Bailes' guilty plea hearing held before the Honorable Harold F. Woelfel, Jr., District Attorney D. Peter Johnson recited the Commonwealth's evidence that Bailes punched Agovino in the face several times, inflicting injuries to Agovino's jaw, nose, and teeth. (Rec. Doc. No. 11, Exhbt. 2 at 3). Under oath, Bailes stated that he was, inter alia, pleading guilty to Count II of the information and that the decision to plead guilty was being made of his own free will. (Id. at 5-7). In response to Judge Woelfel's question as to whether Bailes had committed the offense to which he was pleading guilty, Bailes stated, "I did, Your Honor." (Id. at 7).

## IV. Standard of Review

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. P. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id., Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V. Discussion

### A. Plaintiff's Motion for Partial Summary Judgment

The basis for the plaintiff's contention that he should be entitled to partial summary judgment as to liability stems from his belief that the defendant's "guilty plea is admissible as an admission pursuant to Rule 801(d)(2)(A) of the Federal Rules of Civil Procedure" and that the elements of the crime of simple assault, a crime to which Bailes pled guilty, "are identical to the civil battery alleged in the Complaint." (Rec. Doc. No. 12 at 2). As such, the plaintiff contends that Bailes' "guilty plea clearly establishes he is liable to the Plaintiff for committing this battery." (Id.).

Despite this claim, the Court is constrained to agree with the defendant and conclude that partial summary judgment is inapplicable in the instant case. As aptly noted by both the defendant in his pro se response (Rec. Doc. No. 17) and the defendant's brief in opposition to the motion for partial summary judgment (Rec.

8

Doc. No. 26 at 2), "a person is guilty of assault [under § 2701(a)(1)] if he attempts to cause or intentionally, knowingly *or recklessly* causes bodily injury to another . . . ." 18 Pa. C.S. § 2701(a)(1) (emphasis added). In Pennsylvania, the tort of battery requires that the individual causing the harmful or offensive contact do so intentionally. See Aetna Life & Cas. Co. v. Barthelemy, 33 F.3d 189, 191 (3d Cir. 1994) (stating that, "by definition, the tort of battery requires proof of an intent to cause a harmful or offensive contact") (citing Restatement (Second) of Torts § 13 (1964)); see also Zimmerman v. Schaeffer, 654 F. Supp. 2d 226, 255 (M.D. Pa. 2009) (Rambo, J.) (stating that "a battery is an intentional offensive bodily contact").

In the instant case, defendant Bailes pled guilty to a the crime of assault, which encompasses not only intentional and knowing conduct, but also reckless conduct. (See Rec. Doc. No. 11, Exhbt. 1). As such, the mens rea element of the crime to which Bailes pled guilty is broader than the mens rea element of the intentional tort for which Bailes is being sued in the instant litigation. Quite simply, the plaintiff has failed to point to any evidence in the record showing that Bailes acted intentionally or admitted to acting intentionally in subjecting Agovino to a "harmful or offensive touching." Therefore, the Court agrees with the defendant that there remains a genuine issue of material fact as to whether Bailes

9

acted intentionally, and the Court will deny the plaintiff's motion for partial summary judgment.

## B. Defendant's Motion <u>In</u> <u>Limine</u> to Preclude Evidence

The Court similarly will deny defendant's motion <u>in</u> <u>limine</u>. (Rec. Doc. No. 22). At the outset, the Court disagrees with the defendant that the evidence sought to be excluded is irrelevant. Although the defendant's guilty plea as to the simple assault charge may not be relevant as to the element of intent, there is certainly potential relevance as to other elements of the civil claim of battery.

In addition, the Court disagrees with the defendant that his state court guilty plea should be excluded as impermissible character evidence. First, Rule 803(22) would not exclude the guilty plea as inadmissible hearsay, as the crime of simple assault is punishable by a term of imprisonment of up to one year.[4] <u>See</u> 18 Pa.

---

[4] Rule 803(22) states that the hearsay rule, even if the declarant is available as a witness, does not exclude the following:

> Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.

Fed. R. Evid. 803(22).

10

Con. Stat. §§ 2701(a)(1), 106(b)(7); see also Essex Ins. Co. v. RMJC, Inc., Doc. No. 01-4049, 2007 U.S. Dist. LEXIS 81452, at *8-9, 2007 WL 3243628, at *3 (E.D. Pa. Nov. 1, 2007) ("Because the crime of simple assault in Pennsylvania carries a maximum term of imprisonment of two years,[18 Pa. Con. Stat. § 2701(b)], this evidence is an exception to the hearsay rule as a judgment of a previous conviction."). Second, the guilty plea may also be admissible as a party opponent admission. See Allen v. Fletcher, Doc. No. 3:07-cv-0722, 2009 U.S. Dist. LEXIS 88069, at *6, 2009 WL 3103828, at *2 (M.D. Pa. Sept. 24, 2009) ("'[M]isdemeanor guilty pleas that were made by a party to the current litigation may be allowed into evidence as party admissions.'") (quoting 5-803 Weinstein's Federal Evidence § 803.24).[5]

---

[5] According to Rule 801(d)(2), a statement is not considered to be hearsay when:

> The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2).

11

However, the question remaining is whether admission of the guilty plea at trial would violate the balancing test of Rule 403.[6] The defendant argues that, because admission of the guilty plea would be unfairly prejudicial, confusing, and misleading to a jury, the plea must be excluded under Rule 403. However, the Third Circuit has warned "that 'pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage.'" Mitchell v. Luckenbill, Doc. No. 3:04-cv-2240, 2010 U.S. Dist. LEXIS 86950, at *6, 2010 WL 3328054, at *2 (M.D. Pa. Aug. 24, 2010) (quoting In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990)). In light of this cautionary advice, we will deny Bailes' motion in limine, without prejudice, and will allow the defendant to raise this objection again, if he so chooses, at trial.

## VI. Conclusion

In light of the above, we will deny the plaintiff's "Motion for Partial

---

[6] In accordance with Rule 403, "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Summary Judgment" (Rec. Doc. No. 11) and deny, without prejudice, the defendant's "Motion In Limine to Preclude Evidence" (Rec. Doc. No. 22).

                                               s/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               U.S. District Court
                                               Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. AGOVINO, : CIVIL NO. 4:10-CV-0656
:
Plaintiff, :
:
v. : (Chief Judge Kane)
:
CHRISTOPHER A. BAILES, :
:
Defendant. :

## ORDER

February 10, 2011

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Agovino's "Motion for Partial Summary Judgment" is **DENIED**. (Rec. Doc. No. 11).

2. Defendant Bailes' "Motion In Limine to Preclude Evidence" is **DENIED**, without prejudice. (Rec. Doc. No. 22).

    s/ Yvette Kane
Yvette Kane, Chief Judge
U.S. District Court
Middle District of Pennsylvania