# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. AGOVINO,<br>    Plaintiff | :   CIVIL NO. 4:10-CV-0656<br>:<br>:   (Chief Judge Kane) |
| v. | :<br>: |
| CHRISTOPHER A. BAILES,<br>    Defendant | :<br>: |

## MEMORANDUM

Pending before the Court is Defendant Christopher Bailes's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 28.) Alternatively, Defendant requests that the Court hold a hearing on the motion. Because the Court finds that a hearing on the motion is warranted, the Court will grant Defendant's motion in part.

## I. BACKGROUND

On March 25, 2010, Plaintiff Michael S. Agovino, a citizen of Connecticut, filed a complaint against Defendant, a citizen of the Commonwealth of Pennsylvania. (Doc. No. 1.) In the complaint, Plaintiff contends that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1), as each party is a citizen of a different state and as the amount in controversy is greater than $75,000. (Doc. No. 1 ¶ 3.) Plaintiff alleges that he was struck by Defendant several times in the face, suffering injury to his nasal bones, jaw, and teeth. (Id. ¶ 4.) In addition, Plaintiff alleges that he has incurred at least $15,000 in medical expenses;[1] may incur future medical expenses; and has incurred, and may incur in the future, pain and suffering,

---

[1] In a recent filing with this Court, Plaintiff states that this figure is "inaccurate"; in fact, Plaintiff lists his actual medical expenses as amounting to $6,495.01. (Doc. No. 32 at 2.)

1

mental anguish, anxiety, inconvenience, and the loss of enjoyment of life and life's pleasures. (Id. ¶¶ 6-7.) In the complaint's only count, which contains a claim of battery, Plaintiff claims that Defendant "intentionally and knowingly subjected Plaintiff . . . to a harmful and offensive touching by punching him in the face several times" and that Defendant's "conduct was outrageous and warrants the imposition of punitive damages." (Id. ¶¶ 9-10.)

On January 17, 2011, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Doc. No. 28.) The motion is now ripe for disposition.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss an action for lack of subject matter jurisdiction. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. See id. In this regard, the Court must accept all factual allegations in the complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. In a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891. If a dispute of

2

material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006); see also Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a district court must ensure that a plaintiff has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing," to support his claim of jurisdiction (citation omitted)).

In the present case, the parties disagree over the burden that applies to Defendant's challenge to this Court's subject matter jurisdiction. Defendant contends that because material facts are still in dispute Plaintiff has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. (See Doc. No. 35 at 2 (citing Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007).) Defendant argues that Plaintiff cannot meet this burden, even in light of Plaintiff's request for punitive damages. (Id. at 3-4.) Conversely, Plaintiff contends that under Frederico the party challenging the existence of diversity jurisdiction must prove, to a legal certainty, that the amount in controversy cannot exceed $75,000. (Doc. No. 32 at 2.) Plaintiff argues that "it cannot be stated to a legal certainty that the value of [Plaintiff's] claim is below the statutory minimum." (Id. at 4.)

This Court agrees with Defendant that the proper standard to be applied in the instant case is the preponderance of the evidence standard because Defendant is attacking the factual basis for this Court's subject matter diversity jurisdiction. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004) ("In many cases . . . disputes over factual matters may be involved. In resolving those issues, the . . . preponderance of the evidence standard would be appropriate."). Before deciding whether the instant case should be dismissed for lack

3

of subject matter jurisdiction, this Court will hold an evidentiary hearing, at which the parties will be provided an opportunity to develop an evidentiary record concerning Plaintiff's claim of diversity jurisdiction.[2] If Plaintiff shows by a preponderance of the evidence that the amount in controversy exceeds $75,000, Defendant's motion must be denied. However, if Plaintiff fails to meet his burden, Defendant's motion to dismiss must be granted.

### III. CONCLUSION

Defendant's motion (Doc. No. 28) will be granted to the extent that this Court will schedule a hearing at which the parties will develop an evidentiary record and provide argument as to the factual basis for subject matter jurisdiction. In all other respects, the Court will refrain from ruling on Defendant's motion to dismiss until after the evidentiary hearing. An order consistent with this memorandum follows.

  s/ Yvette Kane
Yvette Kane, Chief Judge
U.S. District Court
Middle District of Pennsylvania

---

[2] The Court concludes that an evidentiary hearing is especially appropriate in light of the fact that little to no discovery has been conducted in the case, as Defendant initially proceeded pro se, with Defendant's counsel only entering an appearance on December 10, 2010. Fact discovery concluded October 1, 2010. (Doc. No. 6.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL S. AGOVINO,** : | CIVIL NO. 4:10-CV-0656 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| **CHRISTOPHER A. BAILES,** : | |
| Defendant : | |

## ORDER

**AND NOW**, on this 18th day of February 2011, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 28) is **GRANTED**, to the extent that this Court will schedule a hearing at which the parties will develop an evidentiary record and provide argument concerning the factual basis for the Court's subject matter jurisdiction.

2. In all other respects, the Court refrains from ruling on Defendant's motion to dismiss until the above-referenced hearing takes place.

                                           s/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           U.S. District Court
                                           Middle District of Pennsylvania